# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:15-CR-00252-09** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **RONNIE J TOUCHET (09)** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 by Petitioner Ronnie J. Touchet ("Touchet"). [Rec. Doc. 494] Touchet raises four grounds for relief in his § 2255 motion.[1] First, he claims his counsel was ineffective in two instances: (1) failing to file an appeal and (2) failing to investigate Judge Minaldi's alleged drug use. Touchet is not entitled to relief on his ineffective assistance of counsel claims, as he cannot satisfy either or both prongs of the Strickland v. Washington standard as to each claim. He then asserts that his plea was involuntary because he received a 60- month sentence despite being promised a 36-month sentence by his counsel. This claim initially fails as it is procedurally defaulted, but is also meritless, as it is contradicted by the record in this matter. Finally, Touchet argues that Judge Minaldi's alleged drug use during the proceedings against him amounted to a due process violation. This claim also fails, as it is a conclusory allegation, unsupported by facts.

---

[1] The Government, noting that pro se pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them (See United States v. Kerner, 404 U.S. 519 (1972), recast Touchet's arguments in what the Court considers to be a fair and complete arrangement.

These claims may be dismissed on the existing record, along with the attached affidavit from his appointed counsel. As such, Touchet is not entitled to an evidentiary hearing. For this reason and the reasons enunciated below, Touchet's section 2255 motion is **DENIED and DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

I.  BACKGROUND

Defendant, Ronnie Touchet, is a federal prisoner incarcerated at the Beaumont Medium Federal Correctional Institution, Texas. On July 12, 2016, he pleaded guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine. He entered a guilty plea before Magistrate Judge Patrick Hanna. [Rec. Doc. 1, pp. 297, 300] Magistrate Judge Hanna wrote a report recommending that District Court Judge Patricia Minaldi accept the guilty plea, which was later adopted. [Rec. Docs. 305, 319].

On October 20, 2016, he was sentenced to 60 months' imprisonment by Judge Minaldi. [Rec. Doc. 407] Judgment was entered on November 10, 2016. [Rec. Doc. 411]

On August 4, 2017, Touchet timely filed the instant pro se § 2255 motion. [Rec. Doc. 494].

II.  LAW AND ANALYSIS

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (quoting Kuhn v. United States, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the

court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

A § 2255 motion for post-conviction relief is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." § 2255, ¶ 6(1).

Relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. United States v. Petrus, 44 F.3d 1004, *8 (5th Cir. 1994) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Arguellas, 78 F. App'x. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. United States v. McCollom, 664 F.2d 56, 59 (5th Cir. 1981) (citing Buckelew v. United States, 575 F.2d 515 (5th Cir. 1978)).

**A. Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are governed by the framework set forth in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail on an ineffective assistance of counsel claim under the Strickland standard, a petitioner must show: (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced him. Id. at 687.

In establishing deficient performance, the defendant must demonstrate that counsel's "acts or omissions were outside the wide range of professionally competent assistance." Id. at 690.

3

"Given the almost infinite variety of possible trial techniques and tactics available to counsel, [the reviewing court] is careful not to second guess legitimate strategic choices." Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993). In short, "Strickland does not guarantee perfect representation, only a reasonably competent attorney." Harrington v. Richter, 562 U.S. 86, 110 (2011). With regard to the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112.

1.  **Failure to File Appeal**

Touchet claims that he "was abandoned by his trial counsel [Kay Karre' Gautraeux] who failed to file a timely direct appeal." [Rec. Doc. 494, p. 4, ¶12(b)(2)] However, he fails to state that he ever *asked* his attorney to file an appeal. Counsel declares, in a sworn statement, that "Mr. Touchet was advised of his right to appeal, and he never requested that I file an appeal on his behalf." [Rec. Doc. 510-1] Counsel adds that Touchet "seemed quite satisfied with the outcome at the time." Id. Counsel also described her interaction with Touchet after sentencing:

> Subsequent to the sentencing hearing, in court, Mr. Touchet and I discussed his sentence. He was advised of his right to file an appeal, and he did not express any request that I file an appeal. He never communicated any desire for an appeal, particularly because he believed at the time, that he had gotten a good result.

Id.

The Strickland standard applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal when requested. Roe v. Flores-Ortega, 528 U.S. 470, 477, (2000). An attorney "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. While the law is clear that failure to file a

4

requested notice of appeal is per se deficient, a petitioner must, however, be able to demonstrate by a preponderance of the evidence that he requested an appeal. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). If petitioner establishes a request, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal. Id.

The Government argues that Gautreaux's sworn statement, in addition to the record, establish that Touchet's claim lacks merit. The Government points out that Touchet has not alleged that he informed counsel of his wish to appeal. Instead, he has merely claimed that she failed to file an appeal, which makes the matter before this Court distinguishable from Tapp and Flores-Orega, *supra*, in which the defendants requested appeals, there was evidence of those requests in the record, and counsel failed to file notices of appeal.

Moreover, the Government contends that Touchet's bare bones claim does not even state that he requested an appeal, let alone prove that he requested one by a preponderance of the evidence. Even under the rule of liberal construction, Touchet's statements amount to nothing more than "mere conclusory allegations," which are "insufficient to raise a constitutional issue." See Haines v. Kerner, 404 U.S. 519 (1972) (citing United States v. Woods, 870 F.2d 286, 288 n.3 (5th Cir. 1989)); see also Ross v. Estelle, 694 F.2d 1009, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of evidentiary value.") As a result, the Government argues that deficient performance should not be presumed in this case and Touchet should not be allowed to file an out-of-time appeal.

The Court finds the Government's arguments to be persuasive. Touchet does not state that he informed his counsel of his alleged wish to appeal, nor does state that he asked counsel to file

5

an appeal on his behalf. He does not indicate that he informed counsel that he was unhappy with his judgment or sentence. Additionally, he has not alleged any facts which would allow the Court to conclude that Gautreaux should have known that Touchet wished to appeal. To the contrary, in Gautreaux's sworn affidavit, she stated that she believed he never communicated any desire for an appeal because he believed, at the time, that he had gotten a good result.

For these reasons, Touchet cannot establish that counsel's performance was deficient and this claim should fail and because counsel's performance is not presumed to be deficient, Touchet should not be allowed to file an out-of-time appeal.

**2. Failing to Investigate Judge Minaldi's Alleged Drug Use**

Touchet makes the bare assertion that Judge Minaldi was under the influence of alcohol and drugs during the course of his proceedings and that his counsel was ineffective for failing to investigate her actions. Touchet makes a variety of unsubstantiated claims about Judge Minaldi using drugs, attending drug rehabilitation programs, and generally being under the influence. His most specific claim is that she appeared "on the bench while she was intoxicated." [Rec. Doc. 494, pp. 4, 5]. However, he provides no outside evidence to support his claim. In order to prevail on this claim, Touchet would need to prove that his counsel was deficient for failing to investigate Judge Minaldi's purported misbehavior, and that counsel's failure prejudiced his case. The Government argues, and this Court agrees, that Touchet fails as to both prongs.

Despite being the presiding district court judge, Judge Minaldi's role in Touchet's case was rather limited, as is customary. In fact, Touchet only personally appeared before Judge Minaldi one time – at sentencing. [Rec. Doc. 407]. Magistrate Judge Hanna was the presiding judge in virtually every interaction that Touchet had with the Court, as evidenced by the following synopsis of the proceedings:

> Touchet had his initial appearance and arraignment before Magistrate Judge Hanna. [Rec. Doc. 84]. At a detention hearing several weeks later, Magistrate Judge Hanna released Touchet and ordered him to seek drug rehabilitation treatment. [Rec. Doc. 211, 213]. Touchet later failed to adhere to his conditions of release, and Magistrate Judge Hanna revoked his pretrial release and ordered him detained. [Rec. Doc. 221, 223]. Magistrate Judge Hanna also presided over Touchet's change of plea hearing and recommended that Judge Minaldi accept that plea. [Rec. Doc. 297, 300, 305]. After reviewing the transcript of the change of plea hearing, Judge Minaldi adopted Magistrate Judge Hanna's recommendation. [Rec. Doc. 319].

Government's Response to Defendant's Motion, Rec. Doc. 510, pp. 9-10.

Touchet does not allege in his petition that the plea colloquy was deficient in any way, or that Judge Minaldi committed any specific legal error in adopting the report and recommendation. The Court agrees with the Government's contention that the sentencing hearing itself was routine, and proceeded as follows:

> After the case was called and the attorneys made their appearances, Judge Minaldi asked counsel if she had reviewed the PSR with Touchet. Counsel indicated that she had. Judge Minaldi noted she had read the defendant's sentencing memo, and that she had considered the defendant's objections. Judge Minaldi indicated that no ruling was required on the objections, as the Office of Probation had concurred with counsel and issued a revised PSR. [Rec. Doc. 508, p. 2]. Judge Minaldi took argument from Touchet's counsel, allocution from Touchet, and argument from the prosecutor. [Rec. Doc. 508, pp. 3-7]. Neither party disputed the guideline calculations or lodged any objection at all during sentencing. Judge Minaldi then announced that she had considered the 18 U.S.C. § 3553(a) factors, acknowledged that Touchet had pleaded guilty to Count 1 of the indictment, and imposed a sentence of 60 months, at the lower end of the 57-71 month advisory guidelines range. [Rec. Doc. 508, pp. 6-8].

Id. at pp. 10-11.

Furthermore, Touchet does not allege what specific conduct should have placed defense counsel on notice to investigate any purported issues. The record indicates that Judge Minaldi properly addressed all parties, considered the 18 U.S.C. § 3553(a) factors, and sentenced Touchet at the low end of the advisory guideline range. She advised Touchet of his duties and

7

responsibilities after the service of his term of incarceration was complete, recommended that he attend substance abuse treatment, and advised him of his right to appeal. [Rec. Doc. 508, p. 7, 8] The Court finds that there was no basis for counsel to investigate Judge Minaldi after sentencing. As a result, counsel's performance did not fall below an objective standard of reasonableness and should not be considered deficient.

Moreover, Touchet has not attempted to show how Judge Minaldi's alleged misconduct prejudiced his case. He is unable to identify any legally flawed ruling, statement, or decision she made during sentencing. Again, Judge Minaldi's role in the case was limited to adopting Magistrate Judge Hanna's recommendation on the guilty plea and sentencing the defendant, and, based on counsel's affidavit, Touchet was happy with the sentence he received. Additionally, Touchet received a 60-month sentence at the lower end of the guidelines, which would be entitled to a presumption of reasonableness on appeal. Rita v United States, 551 U.S. 338, 341 (2007).

Furthermore, the Court finds that even assuming, arguendo, that Touchet's counsel was in some way deficient, he has not shown how the result of the proceeding would have been different if not for counsel's errors. Accordingly, Touchet's second ineffective assistance of counsel claim should fail.

**B. Involuntary Plea – Promise of Lesser Sentence**

Defendant states that his "counsel promised him 36 months and the prosecution agreed." [Rec. Doc. 494, p. 4].

**1. Procedural Default**

Touchet's claim regarding his plea is procedurally defaulted. Collateral review is fundamentally different from and may not replace a direct appeal. United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). Thus, even if the issues are constitutional or jurisdictional,

8

the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing Shaid, 937 F.2d at 232); United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995).

The "cause" prong requires the defendant to show that an objective factor external to the defense prevented him from raising on direct appeal, the claim he now advances. United States v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996). Attorney error may constitute "cause" for a procedural default; however, the defendant must show that counsel's actions or inactions amounted to ineffective assistance of counsel. Cotton v. Cockrell, 343 F.3d 746, 754-755 (5th Cir. 2003) (citing Murray v. Carrier, 477 U.S. 478 (1986)). Accordingly, ineffective assistance adequate to establish "cause" for the procedural default of a constitutional claim must be proven in accordance with the Strickland standard.

The Court has found that the defendant has not established that his counsel was ineffective and, thus, has not established the requisite "cause" to avoid the procedural bar. Touchet could have raised this issue on direct appeal by requesting that trial counsel file a notice of appeal, but, he did not do so. As a result, Touchet cannot show "cause" for failing to pursue this claim on appeal, and the claim is procedurally defaulted.

**2. Denied on the Merits**

Although it is clear that petitioner's challenge to his guilty plea is procedurally barred, his claim is nevertheless without merit. To be constitutionally valid, a guilty plea must be knowing and voluntary. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) citing Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir.1989). Accordingly, the court may not accept a guilty

9

plea unless the defendant enters the plea voluntarily and with a complete understanding of the nature of the charge and the consequences of his plea. This standard is rooted in the due process clause of the Constitution and is applicable in both state and federal courts. Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980) citing McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441 (1970) and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969).

A guilty plea that was not knowingly, voluntarily, and intelligently entered is invalid. United States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996). However, a federal *habeas* court will uphold a guilty plea "if it is shown by the record . . . that a defendant understood the charge and its consequences when he pled guilty." Deville v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994) citing Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir.), cert. denied, 474 U.S. 838 (1985). A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) citing United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir.1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." Id. quoting *Blackledge* v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994).

For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him and "the consequences" of a guilty plea, respectively. United States v. Briggs, 939 F.2d 222, 227 (5th Cir.1991); United States v. Pearson, 910 F.2d 221, 223 (5th Cir.1990), cert. denied, 498 U.S. 1093 (1991).

A plea is intelligent if the defendant understood the nature and substance of the charges against her and not necessarily whether he understood their technical legal effect. James v. Cain,

56 F.3d 662, 666 (5th Cir. 1995) citing Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir.1991), cert. denied, 503 U.S. 988 (1992).  A guilty plea is intelligent even if the trial court failed to specifically explain the offense or its elements to the defendant if the record shows that the defendant understood the charge and its consequences.  United States v. Reyna, 130 F.3d 104, 110 (5th Cir.1997), cert. denied, 523 U.S. 1033 (1998);  Bonvillain v. Blackburn, 780 F.2d 1248, 1250 (5th Cir.1986); Davis v. Butler, 825 F.2d 892, 893 (5th Cir.1987).  However, the defendant must understand what he is being charged with.  United States v. Suarez, 155 F.3d 521, 524-25 (5th Cir.1998).

With respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged.  United States v. Guerra, 94 F.3d 989, 995 (5th Cir. 1996) citing Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir.1982), cert. denied, 459 U.S. 867 (1982); Ables v. Scott, 73 F.3d 591, 592-93 n. 2 (5th Cir.1996), cert. denied, 517 U.S. 1198 (1996) citing United States v. Rivera, 898 F.2d 442, 447 (5th Cir.1990).

"[A] plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature." Hernandez, 234 F.3d at fn. 3.

In the instant matter, the record is clear that petitioner's plea was entered knowingly, voluntarily and intelligently.  The Court finds that Touchet's contention that he was promised a more lenient sentence than he received is belied by his sworn testimony in open court.  The transcript of defendant's plea proceedings before Magistrate Judge Hanna reflects that he understood that he was before the Court to enter a guilty plea [Rec. Doc. 301, p. 5], that he was "very satisfied" with his counsel's representation [Id. at pp. 5-6], and that he was aware of the

constitutional rights he was waiving and had discussed the charge to which he was pleading with his counsel and understood it [Id. at pp. 5-8].

The Court further personally confirmed with Touchet his understanding regarding the elements of the offense and the maximum penalties. [Id. at pp. 8-17]. Magistrate Judge Hanna then proceeded line by line through the factual basis and obtained Touchet's concurrence that the statements contained in that document were true. [Id. at pp. 9-12].

The Court entered into the following colloquy with Touchet:

> THE COURT: All right. Mr. Touchet, has anybody anywhere any time, directly or indirectly, made any promise to you other than the plea agreement that induced you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you understand any recommendation of sentence agreed to by your lawyer and the United States Attorney is not binding on the sentencing court, and you might, on the basis of your guilty plea, receive a more severe sentence than requested or recommended, and if so, you will not have the right to withdraw your guilty plea, you will still be bound by it? Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has anybody anywhere any time, directly or indirectly, made any prediction, prophecy, or promise to you as to what your sentence will be?
>
> THE DEFENDANT: No.
>
> . . .
>
> THE COURT: It is the sentencing court, and the sentencing court alone, that has the discretion as to what your sentence will be. Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you and your lawyer talked about how the guidelines might apply in your case?
>
> THE DEFENDANT: Yes.

[Id. at pp. 15-16].

In order for a defendant to prevail on a claim that a plea was involuntary due to an unfulfilled promise made by his attorney that he would receive a lesser sentence than that imposed, the defendant bears the burden of establishing that a promise was in fact made by his attorney. This burden is heavy, requiring proof of the following: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom such promise was made; and (3) the precise identity of any eyewitness to the promise. Blackledge v. Allison, 431 U.S. 63 (1977); Smith v. Blackburn, 785 F.2d 545 (5th Cir. 1986); Hayes v. Maggio, 699 F.2d 198 (5th Cir. 1983). Furthermore, a habeas petitioner may not establish the existence of a promise on his uncorroborated testimony alone. McNeil v. Blackburn, 802 F.2d 830 (5th Cir. 1986).

Touchet acknowledged under oath that, except for discussing with his attorney about how the guidelines may apply to his case, no other promises were made to him in exchange for his plea. Defendant's attorney, in her sworn affidavit, testified that she advised him that the "final decision regarding what his sentence actually would be was solely in the discretion of the Sentencing Judge." [Rec. Doc. 510-1, p. 2]

"Solemn declarations in open court carry a strong presumption of verity." United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986); see also, Blackledge, supra; Davis v. Butler, 825 F.2d 892 (5th Cir. 1987). The record before the Court reflects that defendant denied any promises had been made to him and that he did not inform the Court at his sentencing that he had been promised a 36 year sentence, although he was presented with an opportunity to do so.

The Court finds that the defendant has failed to carry his heavy burden of establishing that a promise of a lenient sentence was made to him. Further, in light of the above evidence and in the absence of an affidavit from another person supporting defendant's allegations of a promise,

he is not entitled to an evidentiary hearing on the issue. U.S. v. Fuller, 769 F.2d 1095 (5th Cir. 1985).

### C. Due Process Violations

Touchet asserts that Judge Minaldi's alleged drug use during the course of the proceedings against him, and his counsel's failure to disclose this to him, amounted to a constitutional due process violation. [Rec. Doc. 494-1, p. 8]

#### 1. Procedural Default

First, as with the claim of involuntary plea, this argument is procedurally barred, because Touchet could have raised it on direct appeal but failed to do so. While Touchet blames his procedural default on counsel for failing to pursue a direct appeal, as discussed above, he never actually requested that his counsel file an appeal.

#### 2. Denied on the Merits

The Government argues, and this Court agrees, that even if Touchet's claim was not procedurally barred, he cannot establish prejudice, because any such claim is wholly without merit. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) (recognizing that a defendant cannot establish prejudice arising from the failure to raise a legally meritless claim). The Court discussed in detail Judge Minaldi's relatively small role in Touchet's case– her adopting the guilty plea and presiding over sentencing. She did not preside over a trial or conduct any hearings on dispositive motions. And even within the confines of that role, the Government notes, and the Court agrees, that sentencing hearing was unremarkable. Judge Minaldi gave Touchet a 60-month sentence, which was at the lower end of the advisory guideline range. As such, the Government argues, and this Court agrees, Touchet has made no particularized claim as to the specific prejudice he suffered. As a result, even if not procedurally barred, this claim is without merit.

**III. CONCLUSION**

For the foregoing reasons, based on the record and the relevant jurisprudence, **IT IS ORDERED** that Touchet's motion under 28 U.S.C. § 2255 is **DENIED and DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. Because Touchet's claim is plainly refuted by the record, no evidentiary hearing is required. See <u>United States v. Green</u>, 882 F.2d 999, 1008 (5th Cir. 1989). Petitioner's request for appointment of counsel for an evidentiary hearing is also **DENIED**.

MONROE, LOUISIANA, this 18th day of May, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE